# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| CYRUSONE INC., LYNN A. WENTWORTH, ALEX SHUMATE, DAVID FERDMAN, JOHN W. GAMBLE JR., T. TOD NIELSEN, DENISE OLSEN, and WILLIAM E. SULLIVAN, | : **SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On November 14, 2021, CyrusOne Inc. ("CyrusOne" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with CyrusOne Inc. ("CyrusOne" or the "Company") will be acquired by Cavalry Parent L.P. ("Parent") and Cavalry Merger Sub LLC ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, CyrusOne's stockholders will receive $90.50 in cash per share.

3. On December 30, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of CyrusOne common stock. Plaintiff is a resident of this District.

9. Defendant CyrusOne is a Maryland corporation. CyrusOne's common stock is traded on the NASDAQ under the ticker symbol "CONE."

10. Defendant Lynn A. Wentworth is Chairman of the Board of Directors of CyrusOne (the "Board").

11. Defendant Alex Shumate is a member of the Board.

12. Defendant David Ferdman is a member of the Board.

13. Defendant John W. Gamble Jr. is a member of the Board.

14. Defendant T. Tod Nielson is a member of the Board.

15. Defendant Denise Olsen is a member of the Board.

16. Defendant William E. Sullivan is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

18. CyrusOne is a premier global REIT specializing in design, construction, and operation of more than fifty high-performance data centers worldwide.

19. CyrusOne offers colocation, hyperscale, and build-to-suit environments that help customers enhance the strategic connection of their essential data infrastructure and support achievement of sustainability goals.

20. On November 14, 2021, CyrusOne entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

CyrusOne Inc. (NASDAQ: CONE) (the "Company" or "CyrusOne"), a premier global data center REIT, KKR, a leading global investment firm, and Global Infrastructure Partners ("GIP"), one of the world's leading infrastructure investors, today announced a definitive agreement pursuant to which KKR and GIP will acquire all outstanding shares of common stock of CyrusOne for $90.50 per share in an all-cash transaction valued at approximately $15 billion, including the assumption of debt.

The $90.50 per share purchase price reflects a premium of approximately 25% to CyrusOne's unaffected closing stock price on September 27, 2021, the last full trading day prior to published market speculation regarding a potential sale of the Company.

"This transaction is a testament to the tremendous work by the entire CyrusOne team. We have built one of the world's leading data center companies with a presence across key U.S. and international markets supporting our customers' mission-critical digital infrastructure requirements while creating significant value for our stockholders," said Dave Ferdman, Co-Founder and interim President and Chief Executive Officer of CyrusOne. "KKR and GIP will provide substantial additional resources and expertise to accelerate our global expansion and help us deliver the timely and reliable solutions at scale that our customers value."

"Today's announcement is the culmination of a robust strategic review process conducted by the CyrusOne Board of Directors to determine the best path forward for the Company and maximize stockholder value," said Lynn Wentworth, Chair of the CyrusOne Board of Directors. "This transaction provides CyrusOne stockholders with significant value and simultaneously positions the Company to even better serve its customers to meet their needs in key markets around the world."

"CyrusOne has built one of the strongest data center companies in the world and has a strong track record of development and operational expertise in addition to delivering best-in-class service to its customers. We are excited to work together with the Company's proven team to build on CyrusOne's market leadership and support their customers' growing data center infrastructure requirements," said Waldemar Szlezak, Managing Director at KKR, and Will Brilliant, Partner at GIP. "We see numerous opportunities ahead to continue expanding CyrusOne's footprint across key global digital gateway markets and look forward to leveraging our global resources, access to long term capital and deep expertise to support the Company's growth."

Transaction Approvals and Timing

The transaction, which was unanimously approved by the CyrusOne Board of Directors, is not subject to a financing condition and is expected to close in the second quarter of 2022, subject to satisfaction of customary closing conditions, including regulatory approvals and approval by CyrusOne stockholders.

Upon completion of the transaction, CyrusOne will be a privately held company wholly owned by KKR and GIP and CyrusOne's common stock will no longer be listed on any public market. KKR's investment is being made primarily from its global infrastructure and real estate equity strategies, and GIP's investment is being made from its global infrastructure funds.

Advisors

Morgan Stanley & Co. LLC and DH Capital, LLC are acting as financial advisors to CyrusOne and Cravath, Swaine & Moore LLP, Venable LLP and Eversheds Sutherland (International) LLP are acting as its legal counsel.

Goldman Sachs & Co., Barclays, Wells Fargo Securities, LLC, Citigroup and J.P. Morgan are acting as financial advisors to KKR and GIP, with KKR Capital Markets leading the structuring on the financing. Kirkland & Ellis LLP and Dentons (UK & Europe) are acting as legal counsel to the acquiring consortium and KKR, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel to GIP.

22. On December 30, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

### Financial Projections

23. The Proxy fails to disclose material information regarding CyrusOne's financial projections, specifically: the line items underlying the financial projections.

### Financial Analyses

24. The Proxy fails to disclose material information regarding the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley").

25. Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Morgan Stanley.

26. Regarding Morgan Stanley's Analysts' Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by Morgan Stanley; and (ii) the sources of the price targets.

27. Regarding Morgan Stanley's Comparative Public Trading Multiples Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies utilized by Morgan Stanley.

28. Regarding Morgan Stanley's Precedent Transaction Analysis, the Proxy fails to disclose the individual multiples and metrics for the transactions utilized by Morgan Stanley.

29. Regarding Morgan Stanley's Precedent Premiums Paid Analysis, the Proxy fails to disclose the premiums paid in the transactions utilized by Morgan Stanley.

### Banker Engagement

30. The Proxy fails to disclose the timing and details of the prior services Morgan Stanley provided for CyrusOne, Parent, and their affiliates, and the fees Morgan Stanley received

for conducting these services.

NDAs

31. The Proxy fails to disclose whether CyrusOne signed any non-disclosure agreements that contained standstill or don't ask, don't waive provisions.

**COUNT I**

**Claim Against the Individual Defendants and CyrusOne for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. CyrusOne is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information

reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of CyrusOne within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of CyrusOne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated: January 13, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*